IRIGONEGARAY & ASSOCIATES
1535 S.W. 29th Street
Topeka, Kansas 66611-1901
(785) 267-6115
(785) 267-9458 FAX

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

| | |
|---|---|
| **SPECIALIST JEREMY HALL**, and **MILITARY RELIGIOUS FREEDOM FOUNDATION**,<br><br>    Plaintiffs,<br><br>vs.<br><br>**MAJOR FREDDY J. WELBORN**, and **UNITED STATES DEPARTMENT OF DEFENSE SECRETARY ROBERT GATES**,<br><br>    Defendants. | Case No. 08-CV-2098 JWL/DJW |

## COMPLAINT FOR INJUNCTIVE RELIEF

### I. Introduction

1. This is a Constitutional common law/<u>Bivens</u> action whereby plaintiffs seek to vindicate rights to lawful assembly and free speech and rights to be free from governmental endorsement of religion under the First Amendment of the Constitution of the United States, to prevent loss of rights without due process and equal protection under the Fifth Amendment of the Constitution of the United States and to prevent imposition of an impermissible religious test under Art. VI, Clause 3 of the Constitution of the United States.

**II. Parties**

2. Plaintiff Military Religious Freedom Foundation (MRFF) is a not-for-profit public interest organization that advocates, *inter alia*, that the military recognize and defend the rights of individuals to be free of compulsory religious practices. MRFF has supporters and members that include plaintiff Jeremy Hall.

3. Plaintiff, Specialist Jeremy Hall, is an active duty member of the United States Army. Plaintiff is stationed at Fort Riley, Kansas, and is a resident of Geary County, Kansas.

4. Defendant Robert Gates is Secretary of the United States Department of Defense and is responsible for the actions of subordinates.

5. Defendant Freddy J. Welborn is a Major in the United States Army.

**I. Jurisdiction**

6. This case involves rights under the Constitution of the United States and jurisdiction is vested in this Court by 28 U.S.C. § 1331.

**I. Venue**

7. Venue in this District Court is proper under 28 U.S.C. § 1391(e)(3).

**I. Facts**

8. Plaintiff Hall is attached to the 97th Military Police Battalion that was based at Combat Operations Base Speicher, Iraq from September 28, 2006, to approximately November 3, 2007.

Plaintiff has performed his military duties consistent with orders. His performance evaluations while in Iraq evidence such.

9. Plaintiff Hall is an atheist and as such does not participate in religious services, ceremonies or rituals that are conducted on and around the military installation where he is currently assigned. To the best of plaintiff Hall's knowledge, none of his atheist beliefs, or conduct related thereto, have had the effect of undermining his duties or the effectiveness of his or other's response to command. Plaintiff Hall is/was known as an atheist to other personnel at the COB Speicher and Fort Riley and has admitted his atheism when confronted by his military cohorts and supervisors. Examples of such include:

> a) on Thanksgiving Day November 25, 2006, plaintiff Hall and other military personnel assembled for a dinner to commemorate the holiday. Once plaintiff Hall and others, were seated at the table, a call to hold hands and join in a Christian prayer was made by another individual at the plaintiff Hall's table. Plaintiff Hall politely and respectfully declined to engage in the prayer. Immediately after plaintiff Hall made it known he would decline to join hands and pray, he was confronted, in the presence of other military personnel, by the senior ranking NCO staff sergeant who asked plaintiff Hall why he did not want to pray, whereupon plaintiff Hall explained because he is an atheist. The staff sergeant asked plaintiff Hall what an atheist is and plaintiff Hall responded it meant that he (plaintiff) did not believe in God. This response caused the staff sergeant to tell plaintiff Hall that he would have to sit elsewhere for the Thanksgiving dinner. Nonetheless, plaintiff Hall sat at the table in silence and finished his meal;

> b) in July, 2007, while on duty and prior to an operation in Kirkuk, Iraq, plaintiff Hall declined to participate in a Christian prayer led by a

> Colonel. Plaintiff Hall walked away from the assembly of individuals that prayed;
>
> c) during a duty assignment at the military installation in Iraq, plaintiff Hall used the word "God" in what he intended to be a nonreligious context. But a Sergeant L. Ruiz overheard the use of "God" and claimed to plaintiff Hall such use indicated plaintiff Hall indeed was not an atheist.

10. Plaintiffs are aware that at U.S. military installations Christian based organizations are allowed to conduct religious meetings and services without disruptions or threats of retaliation.

11. On July 31, 2007, plaintiff Hall attempted to conduct and participate in a meeting of individuals who consider themselves atheists, freethinkers, or adherents to non-Christian religions. With permission from an army chaplain, plaintiff Hall posted flyers around COB Speicher announcing the meeting. The meeting attendees included plaintiff Hall, other military personnel and nonmilitary personnel.

12. During the course of the meeting, defendant Welborn confronted the attendees, disrupted the meeting and interfered with the plaintiff Hall's and the other attendees' rights to discuss topics of their interests. During the confrontation, and because of plaintiff's actions in organizing the meeting, defendant Welborn threatened plaintiff Hall with an action under the Uniform Code of Military Justice and further threatened to prevent plaintiff Hall's reenlistment in the United States Army.

13. Plaintiffs allege that defendant Welborn's exercise of authority and conduct in disrupting the above-described meeting and making threats against plaintiff Hall was done under color of United States law.

14. On or about November 3rd 2007, plaintiff was transferred from COB Speicher, Iraq to Fort Riley, Kansas where he is presently posted at the time of this filing.

15. On December 18, 2007, plaintiff Hall was given a "promotion counseling" session by his platoon sergeant Michael Van Hise. At the conclusion of this counseling it was conveyed to plaintiff Hall, both verbally and in writing, that he was eligible for promotion and would be attending the February 2008 promotion board meeting.

16. It was during this counseling session that Sergeant Van Hise communicated to plaintiff Hall that he would be placed in a leadership position. Sergeant Van Hise further communicated that plaintiff Hall should get his uniform prepared and to also study for the promotion board meeting.

17. During December, 2007, plaintiff Hall took photographs of an Anne Coulter poster that included an anti-Islamic statement. The poster was displayed in a public area on the grounds of Fort Riley. Anne Coulter is a conservative political commentator.

18. Plaintiff Hall sent the photographs to the plaintiff MRFF and other news sources released a report about the

photographs. The day following this media attention, the Commanding General of Fort Riley sent out a post-wide memo.

19. This post-wide memo stated that plaintiff Hall was engaged in a lawsuit.

20. Following the issuance of the memo on December 19, 2007, plaintiff Hall was notified that he would not be considered for promotion.

21. When plaintiff Hall learned that he would be denied an appearance before the promotions board, he sought counseling from Sergeant Van Hise, who informed plaintiff Hall that since he was "under investigation," he was not eligible for an appearance before the promotions board. Sergeant Van Hise stated that plaintiff Hall was unable to put aside his personal convictions and pray with his troops. Sergeant Van Hise believed this to be a constraint on Army morale and would limit plaintiff Hall's ability to bond with his troops. Plaintiff Hall responded that religion is not a requirement of leadership. At this, Sergeant Van Hise questioned how plaintiff Hall could ask for religious freedom when in fact, as an atheist, he has no religion. Plaintiff Hall replied that the United States Army Chaplain's manual protects atheism.

22. At the conclusion of his discussion with Sergeant Van Hise, plaintiff Hall was called into the office of First Sergeant Ramirez. First Sergeant Ramirez stated he needed more time to evaluate plaintiff Hall to make sure he had the "grounding" to

send before the promotions board. First Sergeant Ramirez also stated that if plaintiff Hall were sent before the February promotions board, he would be "eaten alive" by the president of the board, Command Sergeant Major Kevin P. Nolan.

23. Plaintiff Hall questioned Sergeant Van Hise as to why he (Hall) was not being sent before the promotions board. Sergeant Van Hise stated that it was because Command Sergeant Major Kevin P. Nolan did not want plaintiff Hall to be considered for promotion.

24. Plaintiff Hall's behavior, disciplinary record and soldiering are similar to or better than others that have been allowed the opportunity to be considered for promotion. Other members of the military who are similarly situated to plaintiff Hall have not been denied an opportunity to appear before the promotions board.

25. Plaintiff Hall's denial of an opportunity for promotion is in retaliation for his assertion of atheism and for not adhering to an expression of belief in Christianity. The denial of an opportunity for promotion was done under color of United States law.

26. On information and belief, plaintiffs allege that the acts of defendant Welborn in Iraq and the United States Army personnel at Fort Riley that retaliated against plaintiff Hall by a denial of an opportunity for promotion, and the failure of defendant Gates to prevent such violations, evidence a pattern and

practice of constitutionally impermissible advancements of religious beliefs within the Department of Defense (D.O.D.) and the United States military. Evidence of such patterns and practices includes, but is not limited to:

a) Constitutionally impermissible support provided for religious events including providing military personnel and equipment for events sponsored by Christian organizations that promote Christian beliefs;

b) Constitutionally impermissible support for religious organizations within the military, and those organized by and comprised of members of the military, such as Officers Christian Fellowship and CREDO Spiritual Fitness Divisions, and Military Ministry;

c) Constitutionally impermissible support for private religious organizations are granted access to military installations, some of which are under D.O.D. contract. These organizations include Military Ministry, Cadence Ministries, Malachi Ministries and Military Community Youth Ministries;

d) Constitutionally impermissible support for official endorsement of private religious organizations by members of the military and/or the Department of Defense. Endorsed organizations include: Christian Embassy, Operation Straight Up, and H.O.P.E. Ministries International;

e) Constitutionally impermissible support for Christian proselytizing and tolerance of anti-semitism;

f) Constitutionally impermissible support for use of military assets in a religious entertainment production;

g) Constitutionally impermissible support for blatant displays of religious symbolism on military garb, fighter aircraft and squadron buildings by the U.S. Air Force 523rd Fighter Squadron;

h) Constitutionally impermissible support for placement of a biblical quotation above the door of the Air and Space Basic Course classroom at Maxwell Air Force Base;

i) Constitutionally impermissible support for illegal use of official military e-mail accounts to send e-mails containing religious rhetoric;

j) Constitutionally impermissible support for attempts by missionary organizations such as Force Ministries and the Officers' Christian Fellowship and CMF to create "Christian soldiers" by training active-duty military personnel to evangelize their subordinates and peers;

k) Constitutionally impermissible support for military leadership appearing in uniform in promotional videos for these missionary organizations and openly discussing their commitment to bring religion into the military.

27. The pattern and practices of the constitutionally impermissible assertions of religious beliefs are contrary to, *inter alia*, the U.S. Air Force core value policy on religion that evidences the bounds of permissible conduct and provides as follows:

> Military professionals must remember that religious choice is a matter of individual conscience. Professionals, and especially commanders, must not take it upon themselves to change or coercively influence the religious views of subordinates.

28. Plaintiffs allege that the defendant Gates has a duty to exercise his authority to prohibit his subordinate, defendant Welborn, and similarly situated subordinates, including personnel at Fort Riley, from engaging in acts, including but not limited to retaliation and threats of retaliation, that infringe plaintiff Hall's constitutional rights.

I. **Causes of Action**

29. Defendant Welborn's exercise of authority and conduct in disrupting the above-described meeting and making threats against plaintiff Hall was contrary to clearly established law and had the effect of denying the plaintiff Hall his right to free assembly and speech as guaranteed by the First Amendment. U.S. CONST. amend. I.

30. Defendant Welborn's conduct was contrary to the clearly established law and effectively denied plaintiff Hall his right to be free of government sponsored religious activity as guaranteed by the First Amendment. U.S. CONST. amend. I.

31. Infringement upon plaintiff Hall's right to conduct an atheist/freethinker/nonchristian meeting without unreasonable interference and threats of retaliation is a denial of his right to equal protection under the Fifth Amendment because religious groups at Combat Operations Base Speicher are encouraged, facilitated and sanctioned by the Department of Defense. U.S. CONST. amend. V.

32. Plaintiff Hall's rights under the First Amendment were denied without due process guaranteed by the Fifth Amendment. U.S. CONST. amend. V.

33. Plaintiff Hall, as a member of the armed services of the United States, has been constructively required to submit to a religious test as a qualification to his post as a soldier in the United States Army. This test is a violation of plaintiff Hall's

rights under Article VI, Clause 3 of the United States Constitution.  U.S. CONST. Art. VI, cl. 3.

34. Plaintiffs allege that because of this case and plaintiff Hall's assertion of Constitutional rights, he is being denied an opportunity to appear before the promotions board.

35. The constructive denial to allow plaintiff Hall to appear before the promotions board constitutes is an unconstitutional retaliation by the United States' military against plaintiff Hall.  U.S. Const. amend. I, V, Art. VI, Cl. 3

**I. Remedies**

36. Plaintiffs seek equitable relief in the form of an injunction prohibiting defendant Welborn from:  a) interfering with plaintiff Hall's rights to free speech and assembly that do not diminish plaintiff Hall's response to command; b) to refrain from conduct that has the effect of establishing compulsory religious practices; c) to refrain from retaliation against plaintiff Hall including, but not limited to, denial of an opportunity for promotion; and d) to require that defendant Gates exercise his authority and prevent his subordinate, defendant Welborn, and those subordinates similarly situated, from infringing upon plaintiff Hall's Constitutional rights. Plaintiffs also seek costs, fees and other relief deemed appropriate by the Court.

Respectfully submitted,

IRIGONEGARAY & ASSOCIATES
1535 S.W. 29th Street
Topeka, Kansas 66611-1901
(785) 267-6115

By: /s/ Robert V. Eye
    Robert V. Eye
    Kansas Supreme Court No. 10689
    Pedro L. Irigonegaray
    Kansas Supreme Court No. 8079
    Elizabeth R. Herbert
    Kansas Supreme Court No. 9420
    Attorneys for Plaintiffs

**DESIGNATION OF PLACE OF TRIAL**

Plaintiffs designate Kansas City, Kansas as the place of trial of this action.

By: /s/ Robert V. Eye
    Robert V. Eye, #10689